IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KARL C. MITCHELL,

    Plaintiff,

v.

STANLEY WILLIAMS,

    Defendant.

CIVIL ACTION NO.: 6:16-cv-14

## **ORDER and MAGISTTATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, submitted a Complaint in the above captioned action pursuant to 42 U.S.C. § 1983 alleging that Defendant Stanley Williams, the Warden of the prison, has violated his constitutional rights. (Doc. 1.) Having conducted the requisite frivolity review of that Complaint, I find that Plaintiff has failed to state a plausible claim for relief, and I **RECOMMEND** that the Court **DISMISS** all of Plaintiff's claims. I further **RECOMMEND** that the Court **DENY** Plaintiff's Motion for a Preliminary Injunction and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## **BACKGROUND**[1]

Plaintiff filed this action against Defendant Williams on February 3, 2016. (Doc. 1.) Plaintiff contends that since Defendant became the Warden of Georgia State Prison in January of 2015, Plaintiff has had inadequate access to legal materials. (Id. at pp. 8–9.) Specifically, Defendant changed the policy for access to legal materials for inmates, like Plaintiff, who are on lockdown status. Id. The prior Warden maintained a policy of allowing inmates to access legal

---

[1] The below recited facts are taken from Plaintiff's Complaint and are accepted as true, as they must be at this stage.

materials by way of satellite law library. (Id. at pp. 7–8.) This policy allowed inmates to access the prison's Lexis-Nexis database, a photocopier, and a number of legal books. (Id. at p. 8.) In contrast, Defendant maintains a cell-delivery system. Id. This system provides the inmates with photocopies of the legal materials that they request within seven days of receiving the request. Id. This cell-delivery system only allows a total of five items, and no items will be provided that exceed twenty pages in length. (Id. at pp. 8–9.) Additionally, the inmates cannot access any books or treaties, perform any research, make any photocopies, or type any pleadings. (Id. at p. 9.)

Plaintiff states that the lack of access to legal materials has affected his ability to litigate two pending lawsuits. Plaintiff originally filed the first of these suits in February of 2015 in the Northern District of Georgia. Complaint, Mitchell v. Crickmar, *et al.*, 4:15-cv-37 (N.D. Ga. Feb. 23, 2015), ECF No. 1. Therein, he alleged that prison officials at Hays State Prison failed to protect him from an attack by his fellow inmates while he was housed at that Prison and provided inadequate medical care after the attack. Id. Shortly after filing that action, Plaintiff realized mistakes made in the drafting of his complaint in that case. (Doc. 1, p. 12.) Thus, Plaintiff eventually voluntarily dismissed the case and then refiled his claims in a second lawsuit in the Northern District of Georgia in June of 2015. Complaint, Mitchell v. Crickmar, *et al.*, 4:15-cv-104 (N.D. Ga. June 17, 2015), ECF No. 1. That case remains pending.

Plaintiff brought the second lawsuit that he contends he has been hindered from pursuing in this Court on August 10, 2015. Complaint, Mitchell v. Williams, *et al.*, 6:15-cv-93 (S.D. Ga. Aug. 10, 2015), ECF No. 1. In that action, Plaintiff contends that prison officials at Georgia State Prison, including Defendant Williams, have disregarded Plaintiff's serious medical needs. Id. That lawsuit is also still pending.

**STANDARD OF REVIEW**

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that

standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Claims Based on Denial of Access to Law Library

In order to state a claim for relief under Section 1983, Plaintiff must satisfy two elements. First, he must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was

committed by "a person acting under color of state law." Id. Plaintiff seeks to meet these elements by arguing that Defendant's policy regarding access to legal materials has violated Plaintiff's constitutional right to access the courts.

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002)). However, not every denial of access to the Courts will give rise to a Section 1983 claim. Rather, the Eleventh Circuit has stated the following regarding access to courts claims alleging that an inmate does not have access to a law library:

> '[T]he fundamental constitutional right of access to the courts requires prison authorities to . . . provid[e] prisoners with adequate law libraries or adequate assistance from persons trained in the law.' Bounds v. Smith, 430 U.S. 817, 828 (1977). The Supreme Court, however, has clarified that prisoners' contentions of deprivations of access to courts must show actual injury as a 'constitutional prerequisite.' Lewis v. Casey, 518 U.S. 343, 351 (1996); see Weaver v. Brenner, 40 F.3d 527, 533 (2d Cir. 1994) (recognizing that, when judicial decisions subsequently delineate that a right that generally appeared to exist at the time of the government official's conduct did not actually exist, then "the conduct will not subject the official to liability"). While Bounds guarantees the right of access to the courts under the Fourteenth Amendment, prisoners have no inherent or independent right of access to a law library or to legal assistance. See Lewis, 518 U.S. at 349–51. Instead, they must show actual injury in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement. Id. at 355–57. 'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.' Id. at 355.

Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1988).

With respect to access-to-court claims, Lewis clarifies that a plaintiff first must show actual injury before seeking relief under Bounds. See Bass v. Singletary, 143 F.3d 1442, 1444 (11th Cir. 1998). This essential standing requirement means that prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit

5

of a non-frivolous, post-conviction claim or civil rights action. See id. at 1445. To prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. See id. at 1446. Therefore, in an access-to-courts claim, "a plaintiff cannot merely allege a denial of access to a law library or adequate attorney, even if the denial is systemic." Sabers v. Delano, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam). Rather, a plaintiff must demonstrate that the lack of a law library or inadequate access to counsel hindered his "efforts to proceed with a legal claim in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate basic constitutional rights." Id.

Plaintiff has failed to sufficiently allege that he has suffered any actual or threatened injury resulting from the lack of legal materials afforded to him. Plaintiff repeatedly makes the conclusory allegation that his lawsuits in this Court and the Northern District of Georgia "are in imminent danger of being lost or dismissed." (Doc. 1, p. 13.) However, he provides no plausible factual support for that contention. As to his lawsuit pending in the Northern District of Georgia, Plaintiff explains that he had to refile that suit because his original complaint was deficient. However, he took this action voluntarily, and the dismissal was without prejudice. Moreover, Plaintiff refiled his claims by way of a renewed lawsuit, and that action is still pending. Thus, Plaintiff has not plausibly alleged that the lack of legal materials has impeded his pursuit of claims against officials at Hays State Prison in the Northern District of Georgia.[2] Likewise, his Complaint fails to plausibly allege that the lack of access has thwarted his attempt

---

[2] Plaintiff points out that the Northern District of Georgia dismissed several of his claims because they were found to be negligence claims actionable under state law and not claims arising under the Eighth Amendment. (Doc. 1, pp. 12–13.) However, Plaintiff has failed to allege how having access to legal materials would have changed the fate of these claims. Rather, plaintiff has only made the conclusory allegation that his lack of access to legal materials "would have enabled him to discern that plaintiff's dismissed claims were the negligence claims that they were . . . ." (Id. at p. 12.) This conclusory statement is not sufficient to plausibly allege an actual injury.

6

to hold officials at Georgia State Prison liable for disregarding his serious medical needs. As stated in Plaintiff's Complaint, he is actively pursuing those claims through a case that is still pending in this District.

Though Plaintiff has alleged that Defendant's policy makes it more cumbersome to litigate, he has not plausibly alleged that the policy has caused him actual injury such as the denial or dismissal of a non-frivolous claim. Consequently, I **RECOMMEND** that the Court **DISMISS** this action.

## II.     Denial of Motion for Preliminary Injunction.

In his Motion for a Preliminary Injunction, Plaintiff requests access to a satellite law library, a means of making photocopies, the use of a typewriter, and other forms of relief. (Doc. 3.) To be entitled to a temporary restraining order or preliminary injunction, a plaintiff must demonstrate (1) a substantial likelihood of ultimate success on the merits; (2) that a restraining order or injunction is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm that the restraining order or injunction would inflict on the other party; and (4) that the restraining order or injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005). An "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001).

If a plaintiff succeeds in making such a showing, then "the court may grant injunctive relief, but the relief must be no broader than necessary to remedy the constitutional violation." Newman v. Ala., 683 F.2d 1312, 1319 (11th Cir. 1982). Accordingly, where there is a constitutional violation in the prison context, courts traditionally are reluctant to interfere with

7

prison administration and discipline, unless there is a clear abuse of discretion. See Procunier v. Martinez, 416 U.S. 396, 404–05 (1974) ("Traditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration [because] . . . courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."), overruled on other grounds by Thornburgh v. Abbott, 490 U.S. 401 (1989). In such cases, "[d]eference to prison authorities is especially appropriate." Newman, 683 F.2d at 1320–21 (reversing district court's injunction requiring release of prisoners on probation because it "involved the court in the operation of the State's system of criminal justice to a greater extent than necessary" and less intrusive equitable remedy was available).

As laid out above in Section I, Plaintiff has failed to show a substantial likelihood of success on the merits of his claims. Moreover, Plaintiff has not shown that Defendant's legal materials policy threatens to cause Plaintiff irreparable injury. Consequently, the Court need not interfere in Defendant's administration of the prison and should **DENY** Plaintiff's request for a preliminary injunction.

### III. Denial of Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

---

[3] A certificate of appealablity is not required in this Section 1983 action.

claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## **CONCLUSION**

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** this action for failure to state a claim, **DENY** Plaintiff's Motion for a Preliminary Injunction, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of May, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA